

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

FJN:DIB
F. #2024R00737

*271 Cadman Plaza East
Brooklyn, New York 11201*

August 26, 2025

By ECF and E-Mail

The Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Leury Mojica
     Criminal Docket No. 25-13 (CBA)

Dear Judge Amon:

  The government respectfully submits this letter in advance of the defendant Leury Mojica's sentencing in the above-captioned case. As set forth below, a sentence within the advisory Guidelines range of 168 to 210 months' imprisonment would be sufficient, but not greater than necessary, to achieve the goals of sentencing.

  I. Factual Background

  The detailed facts underlying this case are described in the Presentence Investigation Report ("PSR"), dated August 25, 2025, which the government summarizes here for the Court's convenience. Below, the government proffers certain additional facts in addition to the facts described in the PSR.

   a. The Defendant Attempted to Murder a Fellow Inmate

  On February 22, 2022, a grand jury sitting in the Southern District of New York returned a superseding indictment (the "S.D.N.Y. Indictment") charging, among others, the defendant, with participating in multiple robberies in 2021, in violation of 18 U.S.C. § 1951 (PSR ¶ 5). See United States v. Mojica, 21-CR-377, ECF No. 62 (AKH) (S.D.N.Y). Specifically, as the court later found at sentencing, the defendant "put an imitation gun that looked real to the head of the parking attendant in a small enclosure, got the parking attendant on the floor and, for a number of minutes, held the gun to the head of the parking attendant and had him lie on the ground, and Mr. Mojica had his knee on the back of the parking attendant." Id., (S.D.N.Y Minute Entry dated June 28, 2023), Sent. Tr. at 8:12-18. The defendant was subsequently arrested, arraigned and ordered detained pending trial due to the danger he posed to the community. Id., ECF No. 65. The Bureau of Prisons ("BOP") subsequently designated the

defendant to the Metropolitan Detention Center (the "MDC") (PSR ¶ 5).  On November 16, 2022, the defendant pled guilty to participating in one of the robberies described in the S.D.N.Y. Indictment (PSR ¶ 5).  See id., (S.D.N.Y Minute Entry dated November 16, 2022).

On February 28, 2023, while detained at the MDC in connection with the S.D.N.Y. Indictment, the defendant and five other inmates attempted to murder another inmate in a stabbing attack (PSR ¶ 6).  See id., ECF No. 144 (government sentencing submission).  Specifically, MDC surveillance footage shows that the defendant actively participated in the stabbing, including by swinging a sharp object at the victim and restraining the victim while another inmate stabbed the victim (PSR ¶ 6).  Id.  As shown below in Figures One and Two, the victim ultimately suffered lacerations to his forehead and nose, puncture wounds to the right side of his face and lower back and arms, a posterior neck wound, and multiple cut abrasions.  Id.  Figure Three below shows the defendant shortly after the assault with the victim's blood on the defendant's clothing.



**Figure One**



**Figure Two**



**Figure Three**

On June 28, 2023, the Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, held a sentencing hearing for the defendant in connection with the S.D.N.Y. Indictment (PSR ¶ 7). Id., ECF No. 196. At the hearing, the court considered the offense conduct, as well as the above-described attempted murder as an aggravating factor and sentenced the defendant to 70 months' imprisonment—just seven months above the applicable Guidelines range for the robbery (PSR ¶ 7). Id.

    b. The Defendant Assaulted a Correction-Officer

On August 24, 2024, the defendant remained incarcerated at the MDC following his sentencing before Judge Hellerstein (PSR ¶¶ 8–10). The defendant resided in an MDC cell (the "Cell") with one cellmate (the "Cellmate") (PSR ¶¶ 8–10). That morning, two MDC correction officers approached the Cell to offer the defendant and the Cellmate breakfast (PSR ¶¶ 8–10). When the correction officers arrived at the Cell, they opened its door and observed the defendant standing in front of the Cellmate (PSR ¶¶ 8–10). After one of the correction officers asked the defendant if he wanted fruit with his breakfast, the defendant lunged towards that correction officer and punched him with a closed fist on the left side of his face (PSR ¶¶ 8–10). The correction officer was later diagnosed with a facial contusion (PSR ¶¶ 8–10).

    c. Procedural History

On September 30, 2024, the Honorable Marcia M. Henry, United States Magistrate Judge for the Eastern District of New York, signed a complaint charging the defendant with assaulting the correction officer, in violation of 18 U.S.C. § 111(a)(1) and (b). On January 10, 2025, a grand jury sitting in the Eastern District of New York returned an indictment (the "Indictment") charging the defendant with a sole count of assaulting the correction officer, in violation of 18 U.S.C. § 111(a)(1) and (b). On April 17, 2025, the defendant pled guilty before Your Honor, pursuant to a plea agreement with the government (the "Plea Agreement"), to the sole count in the Indictment. In addition, in the Plea Agreement and at the plea hearing, the defendant stipulated and agreed that he assaulted a victim with the intent to commit murder, in violation of 18 U.S.C. § 113(a)(1), in connection with the February 2023 MDC stabbing described above. The defendant further stipulated and agreed that the Court should consider such conduct in determining the sentence to be imposed.

    II.    Defendant's Criminal History

The defendant has a significant criminal history including, among other things, multiple instances of violent conduct. For example, in 2021, aside from participating in the robberies and assaults described above, the defendant was charged and convicted in connection with shoplifting from a Macy's and charged in connection with violently assaulting an individual (PSR ¶¶ 39, 40, 45). The charges against the defendant in connection with the latter assault remain pending (Id.).

In addition, during the defendant's current incarceration since 2022, he has been disciplined on more than 20 occasions relating to, among other things, possessing a possible weapon, assaulting individuals, setting fires and refusing to obey orders (PSR ¶ 40).

4

III. <u>Sentencing Calculation</u>

The government agrees with the Guidelines calculation set forth in the PSR:

| | | |
|---|---|---:|
| Base Offense Level (U.S.S.G. § 2A2.1(a)(1)) | | 33 |
| Plus: | Bodily Injury (U.S.S.G. § 2A2.1(b)(1)(A)) | +4 |
| Minus: | Acceptance of Responsibility (U.S.S.G. § 3E1.1) | <u>-3</u> |
| Total: | | <u>34</u> |

PSR ¶¶ 17–37, 75. Based on a Criminal History Category of II, the Sentencing Guidelines calculate an advisory range of 168 to 210 months' imprisonment. <u>Id.</u>

IV. <u>Applicable Law</u>

The Supreme Court has explained that the Court "should begin all sentencing proceedings by correctly calculating the applicable [Guidelines] range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." <u>Gall v. United States</u>, 552 U.S. 38, 49 (2007) (citations omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [it] may not presume that the Guidelines range is reasonable. [It] must make an individualized assessment based on the facts presented." <u>Id.</u> at 50 (citations and footnote omitted). 18 U.S.C. § 3553(a) provides, in part, that in imposing sentence, the Court shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct; [and]
>>
>> (C) to protect the public from further crimes of the defendant.

Section 3553 also recognizes the need to afford the defendant opportunities for rehabilitation "or other correctional treatment." <u>See</u> 18 U.S.C. § 3553(a)(2)(D). Thus, the Court must first calculate the correct Guidelines range, and then apply the 3553(a) factors to arrive at an appropriate sentence. The district court must also "remain cognizant of them throughout the sentencing process." <u>Gall</u>, 552 U.S. at 50, n.6.

V.    The Court Should Impose a Guidelines Sentence

The government respectfully requests that the Court impose a sentence within the Guidelines range of 168 to 210 months' imprisonment, which would be sufficient, but not greater than necessary, to achieve the goals of sentencing. See 18 U.S.C. § 3553(a). This sentence would appropriately reflect the serious nature of the defendant's conduct—his violent assault of a correction officer and attempted murder of a fellow inmate—and deter the defendant and others from engaging in similar dangerous conduct. In addition, the history and characteristics of the defendant, the need to promote respect for the law and the need to provide just punishment weighs in favor of imposing a Guidelines sentence.

Indeed, as described above, the defendant's conduct was egregious. First, in 2021, the defendant committed a heinous armed robbery and assault of a parking attendant. Months later, after being charged and arrested in connection with this crime, a court ordered the defendant detained pending trial due to the danger he posed to the community. Second, approximately one year later, while the defendant was detained at the MDC in connection with the robbery case, the defendant tried to kill a fellow inmate by ambushing and stabbing him numerous times. Third, in August 2024, after the defendant was sentenced in the robbery a case, the defendant violently assaulted an MDC correction officer for no apparent reason. While the defendant's lawyer had previously argued at sentencing in the robbery case that the defendant had "changed significantly" (United States v. Mojica, 21-CR-377, (S.D.N.Y Minute Entry dated June 28, 2023), Sent. Tr. at 7:12-13)), the defendant's continued violence demonstrates to the contrary.

Thus, the defendant's conduct deserves a punishment commensurate with its seriousness: a sentence within the Guidelines range. In addition, such a sentence is needed to protect the public from the defendant and deter the defendant from continuing his violent and dangerous behavior. The fact that the defendant's sentence in the robbery case did not deter the defendant from committing additional violence further weighs in favor of the imposition of a Guidelines sentence. Finally, as Your Honor is aware, a wave of rampant inmate violence has plagued the MDC for years. Therefore, a Guidelines sentence here—and holding the defendant accountable for his MDC violence—will deter inmates from engaging in such dangerous conduct.

In sum, a Guidelines sentence will communicate to the defendant and the public that the public will be protected, and the guilty will be punished.

VI. <u>Conclusion</u>

   As set forth above, the government respectfully requests the Court impose a sentence of 168 to 210 months' imprisonment, within the Guidelines range.

              Respectfully submitted,

              JOSEPH NOCELLA, JR.
              United States Attorney

       By: *David I. Berman*
          David I. Berman
          Assistant U.S. Attorney
          (718) 254-6167

cc: Clerk of the Court (CBA) (by ECF and E-Mail)
   U.S. Probation Office (by ECF)
   Cesar de Castro, Esq. (Defense Counsel) (by ECF and E-Mail)